UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA REID, individually and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>    Defendant. | CIVIL ACTION NO. 18-cv-12470 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1453 and 1711-1715, defendant Santander Consumer USA Inc. ("SC" or "Defendant") hereby gives notice of the removal of the action styled *Amanda Reid v. Santander Consumer USA Inc.*, bearing Civil Action No. 1884CV03159 (the "State Court Action") from the Commonwealth of Massachusetts Superior Court, Suffolk County, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, SC states as follows:

### I.    BACKGROUND

1.    On or about October 10, 2018, Plaintiff commenced the State Court Action. A copy of the Summons and Complaint are attached as **Exhibit 1**.[1]

2.    On October 31, 2018, SC was served with the Summons and Complaint in the State

---

[1]    Pursuant to 28 U.S.C. § 1446(a), **Exhibit 1** contains copies of all of the process and pleadings served upon SC in the State Court Action.

Court Action.  See Service of Process Transmittal, attached hereto as **Exhibit 2**.

3. Plaintiff is a citizen of Massachusetts.  See Complaint, ¶ 1.

4. Defendant is an Illinois corporation with a principal place of business in Dallas, Texas.  See id., ¶ 2; **Exhibit 3**, *Declaration of Wayne Nightengale in support of Defendant's Notice of Removal* ("Nightengale Decl."), ¶ 2.

5. Plaintiff asserts a claim for a violation of the Massachusetts Commercial Code, Complaint ¶¶ 32-44, a claim for violation of Massachusetts Usury Law, id., ¶¶ 45-48, and plans to amend her Complaint to add a violation of the Massachusetts Consumer Protection Act, id. ¶ 49. Plaintiff alleges that SC failed to provide her and other Massachusetts consumers with sufficient notices concerning their post-repossession rights and obligations.  Plaintiff also alleges that SC charged her and other Massachusetts consumers usurious interest rates.

6. Plaintiff seeks to represent (1) a putative class of similarly-situated Massachusetts residents to whom SC sent a "notice identical and/or substantially similar to the Repossession Notice" Plaintiff received (the "Repossession Class"), Complaint, ¶ 21, (2) a putative class of similarly-situated Massachusetts residents to whom SC sent a "notice identical and/or substantially similar to the Deficiency Notice" Plaintiff received (the "Deficiency Class"), id., ¶ 22, and (3) a putative class of similarly-situated Massachusetts residents "who had loan agreements with [SC] that contained interest rates exceeding 20% per annum" (the "Usury Class").  Id., ¶ 23.

7. Plaintiff seeks damages under the Massachusetts Commercial Code in a minimum amount of the credit service charge and 10% of the principal amount of the obligation, plus an additional $500 in statutory damages pursuant to M.G.L. c. 106, § 9-625, for each member of the class.  Complaint, ¶¶ 43-44 and Prayer for Relief 3.  Plaintiff paid credit service charges of

$10,913.28 (her retail installment sale contract, which contract manifests her payment obligations, reflects a Finance Charge of $14,833.03 as the amount that the credit would cost her if she timely made every payment). **Ex. 3**, Nightengale Decl., ¶ 6. Her original principal obligation, or Amount Financed on her contract, was $18,973.13. Id. Accordingly, Plaintiff seeks minimum individual damages not less than $13,310.59 ($10,913.28, plus 10% of $18,973.13, plus $500).

8. Plaintiff also seeks declaratory relief that declares any deficiency loan[2] balances owed by class members unenforceable and "such other relief as the Court deems just." Complaint, Prayer for Relief 4, 6.

## II. GROUNDS FOR REMOVAL

9. A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

---

2   SC does not have a "loan" with the Plaintiff. SC did purchase and is the holder of a Retail Installment Sale Contract executed by the Plaintiff. SC will accept Plaintiff's use of improper terminology for purposes of simplicity and this motion only.

### A.  Minimal Diversity Exists.

10.  SC is an Illinois corporation with its principal place of business in Texas.[3] Plaintiff is a resident of Massachusetts. Thus, minimal diversity exists between the parties. 28 U.S.C. § 1332(d)(2)(A) ("Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

### B.  The Putative Class Consists of More Than 100 Members.

11.  Plaintiff alleges that each of the three putative classes encompass at least 40 consumers. Complaint, ¶¶ 15, 19, 25. SC has not had sufficient time to complete its analysis of the potential classes and specifically denies that Plaintiff has properly identified a viable class.[4] Nonetheless, based on SC's preliminary analysis, the alleged Repossession Class alone includes at least 1,000 members. **Ex. 3**, Nightengale Decl., ¶ 8.

### C.  As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000.

12.  Taking Plaintiff's claims as typical of the claims of members of the putative class, as Plaintiff alleges, Complaint, ¶ 27, (and as they must be in order for Plaintiff to qualify as class representative), and applying the amount of her Massachusetts Commercial Code claim (Complaint, Count I) to the preliminary minimum putative class of 1,000 members, the amount in controversy exceeds $13 million (1,000 x $13,310.59 = $13,310,590). See Paragraphs 7 and 11 above.

---

[3]  SC is not a state, a state official or a government entity. See 28 U.S.C. § 1332(d)(5)(A).

[4]  SC does not concede and reserves the right to challenge Plaintiff's theory of liability and damages. Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

13. In addition, SC's preliminary analysis of the putative classes indicates that the amount in controversy for just the Repossession Class asserted by Plaintiff exceeds $9 million (1,000 members multiplied by: the total of average credit service charges paid of approximately $6,900, plus 10% of the average Amount Financed of approximately $18,600, plus $500 for additional statutory damages). See Complaint, ¶¶ 43-44 and Prayer for Relief 3, and **Ex. 3**, Nightengale Decl., ¶ 9.

14. The above calculations do not take into account the deficiency collection bar that Plaintiff seeks for herself and the Repossession and Deficiency Classes, or the relief requested on behalf of the Usury Class. Complaint, Prayer for Relief 4, 5. Plaintiff's deficiency balance is $12,283.84. **Ex. 3**, Nightengale Decl. ¶ 7. Thus, the deficiency collection bar request alone greatly exceeds the $5,000,000 CAFA threshold.

15. Thus, while SC has not had sufficient time to complete its analysis of the putative classes, and specifically denies that Plaintiff has properly identified a viable class, it is nevertheless clear that the amount in controversy greatly exceeds the CAFA $5,000,000 threshold.

    **D.    Removal is Timely.**

16. Defendant has removed the action within 30 days of being served with or having received the Complaint. This Notice of Removal has, therefore, been timely filed. See 28 U.S.C. § 1446(b).

**III.    ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

17. This action has not previously been removed to federal court.

18. Notice has been sent to the state court regarding the removal of this action.

19. All adverse parties to this action have been provided with written notice of the filing

of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service and by Notice to Parties of Removal directed to Plaintiff and which will be promptly filed in the State Court Action.  A copy of the Notice to Party of Removal to be filed in the Superior Court on this date (without exhibits) is attached hereto as **Exhibit 4**.

20. Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

21. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by SC of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of SC's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  SC expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1332, 1453 and 1711-1715, defendant Santander Consumer USA Inc. hereby removes to this Court the action styled *Amanda Reid v. Santander Consumer USA Inc.*, bearing Civil Action No. 1884CV03159 from the Commonwealth of Massachusetts Superior Court, Suffolk County.

Respectfully Submitted,

Defendant,
SANTANDER CONSUMER USA INC.,
By its attorney,

/s/ Michael T. Grant
Michael T. Grant, BBO #677893
Charles A. Ognibene, BBO #377840
LECLAIRRYAN PLLC
60 State Street, Twenty-Third Floor
Boston, MA  02109
(617) 502-8200

Robert J. Brener (*pro hac* motion to be filed)
LECLAIRRYAN PLLC
885 Third Avenue 16th Floor
New York, New York 10022
(212) 634-5066

michael.grant@leclairryan.com
charles.orgnibene@leclairryan.com
robert.brener@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2018, a copy of the foregoing was served, via U.S. mail, postage prepaid, on the following:

Nicholas F. Ortiz, Esq.
Raven Moeslinger, Esq.
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
*Counsel for Plaintiff Amanda Reid*

/s/ Michael T. Grant