EXHIBIT 1

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV03159

Amanda Reid, PLAINTIFF(S),

v.

Santander Consumer USA Inc., DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Santander Consumer USA Inc. (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court, Pemberton Sq, Boston, MA 02108 (address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 99 High St, Ste 304, Boston, MA 02110

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request a jury trial** in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest: Joseph P Casey

Deputy Sheriff Suffolk County

10-31-18

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on October 12, 20 18.

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___     Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts
The Superior Court |
|---|---|---|
| PLAINTIFF(S): Amanda Reid
ADDRESS: Revere, MA | | COUNTY
Suffolk |
| | DEFENDANT(S): Santander Consumer USA Inc. | |
| ATTORNEY: Raven Moeslinger, Esq.
ADDRESS: Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304, Boston, MA 02110 | ADDRESS: 1601 Elm Street, Suite 800 Dallas, TX 75201 | |
| BBO: 687956 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Massachusetts Uniform Commercial Code | F | ☐ YES  ☒ NO |

*If "Other" please describe: UCC consumer class action

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................................................................. $ _____
  2. Total doctor expenses .................................................................................................... $ _____
  3. Total chiropractic expenses ............................................................................................ $ _____
  4. Total physical therapy expenses ..................................................................................... $ _____
  5. Total other expenses (describe below) ........................................................................... $ _____
                                                                                                    Subtotal (A): $ _____

B. Documented lost wages and compensation to date ........................................................ $ _____
C. Documented property damages to dated ......................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ........................................ $ _____
E. Reasonably anticipated lost wages .................................................................................. $ _____
F. Other documented items of damages (describe below) ................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                            TOTAL (A-F):$ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Unlawful post-repossession notices to class members in violation of UCC                TOTAL: $

CLASS-WIDE
DMGS > $25K

Signature of Attorney/Pro Se Plaintiff: X _____  Date: Oct 9, 2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: Oct 9, 2018

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS | SUPERIOR COURT<br>DEPARTMENT OF<br>THE TRIAL COURT |

AMANDA REID, )
   Individually and on behalf of a class ) C.A. No.
   of persons similarly situated, )
                            Plaintiff, )
v. )
SANTANDER CONSUMER USA INC., )
                            Defendant. )

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

This is an action brought on behalf of Amanda Reid and three putative classes of Massachusetts consumers similarly injured by the unlawful debt collection and car repossession practices of the defendant, Santander Consumer USA Inc. ("Santander"). After repossessing the plaintiff's and other class members' vehicles, Santander sent them form post-repossession notices that failed to include key provisions as required by law. The failure to provide a consumer with all appropriate repossession notices and information required by Massachusetts law gives rise to statutory and other damages.

Additionally, Santander enters into loan agreements with Massachusetts consumers that contain interest rates exceed 20% per annum, violating the Commonwealth's usury laws.

### II.    PARTIES

1.    The Plaintiff, Amanda Reid, resides in Revere, Massachusetts.

2. The Defendant, Santander Consumer USA Inc., is a savings bank and credit lender with a usual place of business located at 1601 Elm Street, Suite 800, Dallas, TX 75201.

### III. JURISDICTION AND VENUE

3. Jurisdiction and venue is proper in this Court as the Defendant is a corporation subject to suit under M.G.L. c. 223 §§ 1, 8 and the Plaintiff resides in Suffolk County.

### IV. STATEMENT OF FACTS

4. Santander Consumer USA Inc. ("Santander") is a credit lender that enters into many types of consumer loans, including auto loans in Massachusetts.

5. On or around May 29, 2013, Ms. Reid entered into a loan agreement with Santander for the purchase of a 2009 Toyota Camry (the "vehicle" or "automobile").

6. The loan agreement included an amount financed of $18,973.13 and finance charge of $14,833.03.

7. The debt was incurred by Ms. Reid for primarily personal, family, or household purposes.

8. The purchase of the vehicle was a consumer-goods transaction, as defined in M.G.L. c. 106, § 9-102(24).

9. Ms. Reid's loan with Santander had an interest rate of 21.00% per annum.

10. The usury laws in Massachusetts prohibit interest rates that exceed 20% per annum. *See* M.G.L. c. 271 § 49.

11. On or around September 14, 2016, upon alleged default, Santander caused the vehicle to be repossessed.

12. On or around September 14, 2016, Santander sent Ms. Reid a notice (the "Repossession Notice") advising her of the repossession and of its intent to sell the vehicle. *See* Exhibit A, Notice Of Our Plan To Sell Property.

13. With respect to the sale of the vehicle and Ms. Reid's liability for a potential deficiency, the Repossession Notice erroneously states that "[t]he money that we get from the sale (after paying our costs) will reduce the amount you owe. If the net proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws. Ch 255B §20B). If we get more money than you owe, you will get the extra money, unless we are required to pay it to someone else."

14. Massachusetts law, however, requires that consumers be given explicit notice that the fair market value of the vehicle, not the sale price, will be deducted from the amount owed on their loans after the sale of their vehicle. M.G.L. c. 255B, § 20B.

15. On information and belief, Santander sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Repossession Notice attached as Exhibit A, and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

16. On November 10, 2016, Santander sent Ms. Reid a second notice (the "Deficiency Notice"), advising her of the disposition of the vehicle, and the deficiency owed. *See* Exhibit B, Explanation of Calculation of Surplus Deficiency.

17. In the Deficiency Notice, Santander erroneously explained that Ms. Reid's deficiency was calculated by deducting "[t]he proceeds of the sale" from her loan balance.

18. Massachusetts law, however, requires that lenders calculate the deficiency owed

3

by "deducting the fair market value of the collateral," not the sale proceeds, from the unpaid balance due. M.G.L. c. 255B, § 20B.

19. On information and belief, Santander sent form notices to at least 40 other Massachusetts consumers that were identical and/or substantially similar to the Deficiency Notice attached as <u>Exhibit B</u>, and which also failed to comply with Massachusetts law, in the four years preceding the date of the filing of this Complaint.

## V. CLASS ALLEGATIONS

20. Ms. Reid brings this action on behalf of three classes of all other Santander customers so similarly situated.

21. The Repossession Class consists of all persons to whom Santander sent a notice identical and/or substantially similar to the Repossession Notice attached as <u>Exhibit A</u> at any time during the four-year period prior to the commencement of this action.

22. The Deficiency Class consists of all person to whom Santander sent a notice identical and/or substantially similar to the Deficiency Notice attached as <u>Exhibit B</u> at any time during the four-year period prior to the commencement of this action.

23. The Usury Class consists of all persons who had loan agreements with Santander that contained interest rates exceeding 20% per annum at any time during the four-year period prior to the commencement of this action.

24. The classes are sufficiently numerous that joinder of all members is impracticable.

25. On information and belief, the classes each encompass at least 40 customers.

26. There are questions of law and fact which are common to all members of the classes. These questions predominate over any question affecting only individual class

4

members. The gravamen of this complaint is based on the form post-repossession notices which were sent to all potential class members that affected them in a similar manner.

27. Ms. Reid's claims are typical of the claims of members of the classes as all claims are based on the same factual and legal theories.

28. Ms. Reid will fairly and adequately represent the interests of class members. Ms. Reid has no conflict with any members of the classes and is capable and willing to serve as a class representative. She has retained counsel competent and experienced in class action litigation.

29. Certification of this class pursuant to Mass. R. Civ. P. 23 is appropriate. Common questions of law and fact predominate over individual questions. Among the questions of law and fact common to Ms. Reid and the class are:

   a. Whether Santander failed to provide consumers with the rights and disclosures mandated by the Massachusetts Uniform Commercial Code;

   b. Whether Santander failed to provide the description of the borrower's liability for a deficiency, violating UCC § 9-614(1)(B);

   c. Whether Santander failed to provide an explanation of how the secured party calculated the surplus or deficiency, violating UCC §§ 9-616(a)(1)(B), 9-616(c)

   d. Whether Santander breached its duty of good faith in violation of M.G.L. c. 106 § 1-304; and

   e. Whether Santander's loan agreements with class members violated the Massachusetts Usury Law, M.G.L. c. 271 § 49.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a. The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

   b. A failure of justice will result from the absence of a class action;

5

  c. Concentration of the litigation concerning this matter in this Court is desirable;

  d. Class treatment is highly efficient given the use of common forms and procedures;

  e. The amounts at issue for individual class members are not substantial enough to make individual actions economic; and.

  f. The class is of moderate size and no difficulties are likely to be encountered in the management of a class action.

## VI. CAUSES OF ACTION

### CLASS ACTION CAUSES OF ACTION

31. For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

### COUNT I
### Violation of the Massachusetts Commercial Code

32. Article 9 of the Massachusetts Commercial Code, M.G.L. c. 106 § 9-101 *et seq.*, imposes duties on lenders who receive or retain security interests in personal property and conduct private repossessions of that property without first obtaining writ of replevin or other appropriate court order.

33. By entering into a loan agreement, Santander engaged in a "consumer-goods transaction" for purposes of M.G.L. c. 106 § 9-102(24).

34. After repossessing Ms. Reid's car and before selling it, Santander had the duty to comply with the notice provisions of M.G.L. c. 106 § 9-614.

35. Pursuant to M.G.L. c. 106 § 9-614(1), in a consumers-goods transaction, a post-repossession, pre-sale notification must provide the following information:

a. The information specified in Section 9-613(1);

b. A description of any liability for a deficiency of the person to which the notification is sent;

c. A telephone number from which the amount that must be paid the secured party to redeem the collateral under Section 9-623 is available;

d. A telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

36. Section 9-614 incorporates a list of information in Section 9-613(1), which states that a notice must:

   a. Describe the debtor and the secured party;

   b. Describe the collateral that is the subject of the intended disposition;

   c. State the method of intended disposition;

   d. State that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; and

   e. State the time and place of a public disposition or the time after which any other disposition is to be made.

37. The Repossession Notice Santander sent to Ms. Reid and class members failed to comply with UCC Section 9-614 by incorrectly describing class members' potential liability for a deficiency, giving rise to a claim for minimum and statutory damages as provided by the statute.

38. M.G.L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 per cent of the principal amount of the obligation.

39. Pursuant to M.G.L. c. 106 § 9-616, Santander was also required to provide consumers with an "explanation" of the consumer's surplus or deficiency after the sale of their vehicles.

40. The Deficiency Notice sent to Ms. Reid and similarly-situated consumers after the sale of their vehicles (Exhibit B) failed to comply with M.G.L. c. 106 § 9-616, as it did not correctly describe the calculation of their deficiencies.

41. Santander's use of form notices that failed to comply with M.G.L. c. 106 § 9-616 was part of a pattern, or consistent with a practice, of noncompliance.

42. Santander failure to comply with Article 9 gives rise to a claim for minimum and statutory damages as provided by the statute.

43. M.G.L. c. 106 § 9-625(c)(2) states that any violation of Article 9 gives rise to a claim for damages in a minimum amount of the credit service charge plus 10 per cent of the principal amount of the obligation.

44. M.G.L. c. 106 § 9-625(e)(5) provides for statutory damages in the amount of $500.00 for the failure to comply with Section 9-616(b)(1) when the failure is part of a pattern, or consistent with a practice, of noncompliance.

## COUNT II
## Violation of the Massachusetts Usury Laws

45. M.G.L. c. 271, § 49 provides:

Whoever in exchange for either a loan of money or other property knowingly contracts for, charges, takes or receives, directly or indirectly, interest and expenses the aggregate of which exceeds an amount greater than twenty per centum per annum upon the sum

8

loaned or the equivalent rate for a longer or shorter period, shall be guilty of criminal usury and shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than ten thousand dollars, or by both such fine and imprisonment.

46. The loans issued to the Plaintiff and class members contained interest rates exceeding 20% per annum.

47. Santander violated the Massachusetts Usury Laws, M.G.L. c. 271, § 49.

48. As a result of Santander's violations, the Plaintiff and class members are entitled to equitable relief, including cancellation or reformation of their loans.

## COUNT III
### Violation of the Massachusetts Consumer Protection Act

49. The plaintiff, on her behalf and on behalf of class members, intends to assert a claim under M.G.L. c. 93A, the Massachusetts Consumer Protection Act, which makes it unlawful to engage in any "[u]nfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(1); *see also* M.G.L. c. 176D, §§ 2-3. The plaintiff has made a demand on Defendant in satisfaction of M.G.L. c. 93A, § 9(3), and will amend this Complaint to assert claims under Chapter 93A once the required 30 days have elapsed. This paragraph is included for purposes of notice only and is not intended to assert a claim under Chapter 93A.

WHEREFORE, the Plaintiff, Ms. Reid, prays that the Court:

1. Certify this case as a class action pursuant to Mass. R. Civ. P. 23;

2. Appoint Ms. Reid as class representative and the undersigned as class counsel;

3. Enter judgment against Santander for minimum and statutory damages pursuant to Article 9 of the Massachusetts Commercial Code on behalf of the plaintiff and class members;

4. Bar and declare unenforceable any deficiency loan balances owed by class members to Santander for its violations of Article 9 of the Massachusetts Commercial Code;

5. Enter judgment against Santander for violating the Massachusetts Usury Laws, M.G.L. c. 271, § 49, and grant equitable relief to the plaintiff and class members, cancelling their loans or, in the alternative, reforming their loans such that they will be subjected to interest rates below 20% per annum; and

6. Grant such other relief as the Court deems just.

Respectfully submitted,

AMANDA REID,
By her attorneys,

Stephanie C. Ozahowski (BBO #699258)
Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
rm@mass-legal.com

Dated: October 9, 2018

# EXHIBIT A



Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## NOTICE OF OUR PLAN TO SELL PROPERTY

Date: 09/14/2016

Amanda Reid
732 WASHINGTON AVE
REVERE, MA 02151-1934

Re: Account No. ▮▮▮▮▮▮▮▮▮▮▮▮
Retail Installment Sale or Credit Sale Contract or Note and Security Agreement dated 05/29/2013
2009 // TOYOTA // CAMRY-4 CYL. // VIN 4T1BE46K49U406536

Dear Amanda Reid:

We have your Vehicle because you broke promises in our Agreement. We intend to dispose of the Vehicle as explained in this Notice subject to your right to get the Vehicle back (redeem) as described in this Notice.

### Notice of Intent to Resell the Vehicle

We will sell the Vehicle at a private sale sometime after 10/07/2016. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If the net proceeds at the sale, after expenses, does not equal your unpaid balance, and if the total unpaid balance exceeds $2,000, you may owe us the difference, subject to applicable law (including Mass. Gen. Laws ch. 255B § 20B). If we get more money than you owe, you will get the extra money, unless we are required to pay it to someone else.

### Notice of Right of Redemption

You can get the Vehicle back (redeem) at any time before we sell it or enter into a contract for its sale, which date will not be less than twenty (20) days from 09/14/2016, the date we repossessed the Vehicle. To redeem the Vehicle, you must pay us the full amount you owe (not just the past due payments), including our permitted expenses. The amount you must pay to redeem the Vehicle, as of the date of this notice, is

| | |
|---|---:|
| Amount Owed on the Agreement: | $14,626.22 |
| Accrued Interest: | $352.46 |
| Estimated credit for unearned finance charges: | $0.00 |
| Estimated credit for: _____ [describe] | $0.00 |
| Late Fees: | $70.00 |
| Dishonored Check Fees: | $0.00 |
| Repossession Fees: | $185.00 |
| Storage Fees: (through the date of this notice) | $25.00 |
| Total Amount Due: * | $15,258.68 |

* The Total Amount Now Due and Total Outstanding Due amounts may change based on charges that are incurred following the date of this letter or credits that are received and applied to the amount due. Please call on the date of redemption to find out the exact amount.



©2012 Santander Consumer USA, Inc. // P.O. Box 961245 // Fort Worth, TX 76161-1245
Page 1 of 2                  2312498942

MA-NOI-409
(Rev. 111011)

You must also pay an additional $25.00 per day for storage fees, for each day <u>after</u> the date of this notice up to and including the date on which you redeem the Vehicle. To find out the exact amount you must pay to redeem the Vehicle, call us at (888) 222-4227. Payment must be made to Santander Consumer USA, 5201 Rufe Snow Dr., Ste 400, N Richland Hills, TX 76180-6036.

You may also be entitled to a credit for canceled insurance premiums, in which case the Total Amount Due would be lower than that set forth above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (888) 222-4227 or write us at P.O. Box 961245, Fort Worth, TX 76161-1245 and request a written explanation.

If you need more information about the sale call us at (888) 222-4227 or write us at the address set forth above.

We are sending this notice to the following other people who have an interest in the Vehicle, or who owe money under your Agreement: N/A.

Sincerely,

Santander Consumer USA

**NOTICE:** If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**


Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

# EXHIBIT B


Santander Consumer USA
P.O. Box 961245
Fort Worth, TX 76161-1245
(888) 222-4227

## Explanation of Calculation of Surplus or Deficiency

Date: 11/10/2016

AMANDA REID
732 WASHINGTON AVE
REVERE, MA 02151-1934

Re:   Account No. ▇▇▇▇▇▇▇▇▇▇▇▇
      Retail Installment Sale or Credit Sale Contract dated 05/29/2013 ("Agreement")
      2009 // TOYOTA // Camry // VIN 4T1BE46K49U406536 ("Vehicle")

Dear Amanda Reid:

Please be advised that we disposed of the Vehicle on 10/12/2016. The proceeds of the sale have been applied as explained below. If you financed a premium for credit insurance under your Agreement, you may be entitled to a refund of any unearned portion of the premium.

| # | Description | | Amount | | Total |
|---|---|---|---|---|---|
| 1. | Aggregate unpaid balance of Agreement as of 11/10/2016 | | $15,341.34 | | |
| 2. | Rebate of unearned finance charges as of 11/10/2016, if any | - | $0.00 | | |
| 3. | Accrued and unpaid late fees | + | $70.00 | | |
| 4. | Net balance due (1 minus 2 plus 3) | | | = | $15,411.34 |
| 5. | Gross proceeds from the sale of the Vehicle | - | $3,500.00 | | |
| 6. | Subtotal after deducting proceeds of sale (4 minus 5) | | | = | $11,911.34 |
| 7. | Costs of retaking the Vehicle | | $185.00 | | |
| 8. | Costs of storing the Vehicle | + | $32.00 | | |
| 9. | Costs of preparing the Vehicle for sale | + | $0.00 | | |
| 10. | Costs of selling the Vehicle | + | $155.50 | | |
| 11. | Attorneys' fees and court costs | + | $0.00 | | |
| 12. | Other costs: | + | $0.00 | | |
| 13. | Total Costs (7 through 12) | | | = | $372.50 |
| 14. | Credit: Rebate of unearned insurance premiums | | $0.00 | | |
| 15. | Credit: | + | $0.00 | | |
| 16. | Credit: | + | $0.00 | | |
| 17. | Total Credits (14 through 16) | | | = | $0.00 |
| 18. | Balance due/surplus after sale (6 plus or minus 13, plus or minus 17) | | | = | $12,283.84 |



©2011 Santander Consumer USA, Inc. // P.O. Box 961245 // Fort Worth, TX 76161-1245
Page 1 of 2
2314389156

DEF_510_29044_120111
(Rev. 120111)

(The checked box applies to you).
- ☑ Deficiency balance for which you are liable and for which demand* is hereby made $12,283.84. **
- ☐ No deficiency balance is owed because the unpaid balance or amount owed under the Agreement was less than the minimum under state law.
- ☐ Surplus balance to be remitted to you $0.00. **
- ☐ Surplus balance paid to a subordinate party $0.00.

**Future debits, credits, charges, finance charges or interest, rebates or other expenses may affect this amount.

If you need more information about the transaction, contact us: Santander Consumer USA, P.O. Box 961245, Fort Worth, TX 76161-1245, (888) 222-4227.

Sincerely,

Santander Consumer USA

---

* NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

SANTANDER CONSUMER USA IS A DEBT COLLECTOR UNLESS THE NOTICE ABOVE APPLIES TO YOU. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.


Santander Consumer USA can report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

©2011 Santander Consumer USA, Inc. // P.O. Box 961245 // Fort Worth, TX 76161-1245          DEF_510_29044_120111
Page 2 of 2                               2314389156                                        (Rev. 120111)